UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gary L. Petty,   #264235, | ) | C/A No. 0:08-2967-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Anthony J. Padula, Warden at | ) | |
| Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Gary L. Petty, is an inmate of the South Carolina Department of Corrections ("SCDC") currently incarcerated at Lee Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The *Houston v. Lack*[1] delivery date for the petition is August 21, 2008.

**PROCEDURAL HISTORY**

Petitioner was convicted after a jury trial in Spartanburg County of first degree burglary, first degree criminal sexual conduct and grand larceny. He was sentenced by state Circuit Judge Lee S. Alford to life imprisonment for first degree burglary, thirty years concurrent for first degree CSC, and five years concurrent for grand larceny. Petitioner filed an appeal from his conviction and sentence. The South Carolina Court of Appeals affirmed the conviction and sentence, and the remittitur came down on June 6, 2002. The petitioner did not seek certiorari from the South Carolina Supreme Court or the United States Supreme Court.

On May 19, 2003, almost a year later, the petitioner filed a *pro se* application for post-

---

[1] *Houston v. Lack*, 487 U.S. 266 (1988).

1

conviction relief ("PCR") in state circuit court. An evidentiary hearing was held on Petitioner's amended petitions on April 7, 2005 before Circuit Judge John M. Milling. Judge Milling issued an Order on June 10, 2005 denying the application on its merits.

Petitioner's counsel filed a Petition for Writ of Certiorari on April 20, 2006, pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). Petitioner was represented on appeal by the Office of Appellate Defense. On September 28, 2007, the South Carolina Court of Appeals denied the Petition for Certiorari. The remittitur was issued on October 16, 2007.

As noted hereinabove, this petition for habeas corpus was filed on August 21, 2008. The respondents filed a return and motion for summary judgment on November 26, 2008. A *Roseboro* Order was entered on December 1, 2008, advising the petitioner of the consequences if he failed to respond within 34 days. The petitioner filed a brief in opposition to summary judgment on December 15, 2008.

The Magistrate Judge issued a report and recommendation on August 17, 2009, recommending that the respondents' motion for summary judgment be granted on the basis that the petition for habeas corpus is not timely under the statute of limitations of AEDPA, 28 U.S.C. § 2244(d) and also on the merits. On August 25, 2009, the petitioner filed objections to the Report. On September 4, 2009, the petitioner filed a document entitled "Deletion to and of Previous Objection to Report and Recommendation".[2]

## SCOPE OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes

---

[2] Petitioner's second document was delivered to the prison mailroom on September 3, 2009 which was the deadline for the filing of objections. Therefore, the court will consider the document as part of Petitioner's timely filed objections.

before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett filed August 17, 2009. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## ANALYSIS

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge found that the petition was untimely on the basis of the following: At the time the petitioner filed his first PCR application on May 19, 2003, 347 days had passed after the limitations period had begun to run on June 6, 2002. The tolled time during the Post Conviction Relief proceedings expired on October 16, 2007. Therefore, once the PCR proceedings were over, the petitioner had 18 days of statutory time remaining, until November 5, 2007, to file his habeas petition. He did not file the petition until August 21, 2008, over nine months after the deadline pursuant to AEDPA.

Petitioner asserts in his objections that he should be excused from the statute of limitations because he is actually innocent of the charges and that "a fundamental miscarriage of justice" has occurred, apparently on the basis of the alleged involuntariness of his statements. He also challenges on the merits the denial of Ground Eight of his claims which alleges a Fifth Amendment violation. Although he objected to the Magistrate's recommendation as to Ground Two in his initial objections, Petitioner abandoned his objections to Ground Two in his "Deletion to and of Previous Objection to Report and Recommendation." (Docket Entry # 41, p. 1, ¶ 1).

The United States Supreme Court has not established an exception to the AEDPA one-year statute of limitations based on "actual innocence" in non-capital cases.[3] However, even if actual

---

[3] An evidentiary hearing *was* required where a petitioner on death row asserted actual innocence and put forward affidavits of seven of the State's key witnesses who recanted their testimony. *See In re Davis*, 2009 WL 2486475 (2009).

4

innocence was found to excuse noncompliance with the statute of limitations, the Petitioner has failed to make a proper showing. Establishing a claim of actual innocence requires a showing of new evidence that was not available at the trial, "new, reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner presents no new evidence but merely asserts that he is factually innocent and that his statements to the contrary were not voluntary.

Petitioner's claim of actual innocence fails to meet the "extraordinarily high" standard for a freestanding constitutional claim under *Herrera v. Collins*, 506 U.S. 390 (1993). His allegations also fail to satisfy the standard set forth in *Schlup* for a "gateway" constitutional claim (prisoners asserting innocence as a gateway to the consideration of defaulted claims must show in light of new evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."). *See Howell v Rushton*, 2007 WL 3377789 (United States District Judge Cameron McGowan Currie, November 9, 2007).

The petitioner alleges in his Fifth Amendment claim that his "initial encounter (with) officials overborne (his) will" and that he was "convicted upon 'self' incriminating statements". Docket Entry #1, p. 13. He asserts in his objections that he never waived his rights and that the police interrogated him using improper tactics.

Where the defendant is in custody, before a statement may be considered voluntary, he must be advised of his *Miranda* rights. *United States v. Dickerson*, 530 U.S. 428 (2000). The United States Supreme Court in *Culombe v. Connecticut*, 367 U.S. 568, 578 (1961) set forth the general test of voluntariness to be applied to the waiver of *Miranda* rights and to issues concerning the voluntariness of confessions.

5

> The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: The test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. *If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process*.

*Culombe, Id* at 602 (emphasis Added).

In South Carolina, a two-fold determination of voluntariness occurs. First, the trial judge determines, in an *in camera* hearing, whether or not appropriate *Miranda* warnings were given and freely and voluntarily waived; and whether the statement was otherwise voluntary. At the hearing, the State has the burden to establish by a preponderance of the evidence that the confession or statement was freely and voluntarily given and that *Miranda* warnings were waived. *State v. Washington*, 266 S.C. 54, 370 S.E.2d 611 (1988) (emphasis in original). Once the trial judge makes a finding that the statement has been made freely and voluntarily, the matter must then be submitted to the jury, who cannot consider the statement on the issue of guilt or innocence until they have found that it was made freely and voluntarily beyond a reasonable doubt. *Id.*

The issue of the voluntariness of the petitioner's statements was addressed by the South Carolina Court of Appeals as follows:

> Although there is conflicting evidence as to when Petty was advised of his Miranda rights and the circumstances surrounding the interrogation, there is sufficient evidence to support the trial court's ruling. Petty was eighteen years old at the time of the incident and appeared mentally stable when the police questioned him. Although he was questioned for over twelve hours, there were breaks taken during the questioning and he was provided with food and drink. The officers involved in the investigation testified that Petty was fully advised of his rights immediately upon arriving at the police station and signed a form acknowledging he understood those rights. This form was dated November 13, 1998, and noted the time as 12:07 p.m. The police denied ever coercing Petty into making a statement or promising him any leniency in exchange for his statement. Thus, we find the court properly ruled Petty's statements were admissible.

(Appendix, p. 371, Docket Entry # 21-5, p. 60).

In this case, the trial judge was presented with conflicting testimony concerning the *Miranda* warnings. Petitioner contended that he was given the warnings, but only after making the statements, and that the statements themselves were dictated by the police. The detectives, however, testified that he was given the required warnings when he arrived at the station, and was reminded of the warnings throughout the questioning. Based on the consistency of the detectives' testimony; the provision of food and drink during the questioning; the fact that Petitioner misrepresented his own previous involvement with police, and other evidence, the trial judge had ample evidence to support a ruling that the waiver and statements were voluntarily given based on the totality of the circumstances.

Petitioner has failed to show that the decision by the state court was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or that it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

                                                <u>s/R. Bryan Harwell</u>
                                                R. Bryan Harwell
                                                United States District Judge

September 21, 2009
Florence, South Carolina